IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Randall Smith, #312339, | ) | C/A No.: 1:14-3515-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| John Pate, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Randall Smith ("Petitioner") is an inmate at Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 29, 30]. After obtaining multiple extension [ECF Nos. 35, 38, 44, 47], Petitioner filed a response on November 20, 2015. [ECF No. 49]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 29] be granted.

I.    Factual and Procedural Background

At trial, the state presented evidence that Petitioner sexually assaulted his 12-year old-nephew ("Victim"). [ECF No. 30-2 at 70–77]. Victim was 15 years old when he testified at Petitioner's trial. *Id.* at 62. Victim testified that beginning in the fall of 2003, he and his brother would spend the night with their aunt and Petitioner when their father

had to work. *Id.* at 66–67. Victim testified his aunt went to work at 9 p.m. and at that time Petitioner was the only adult in the house. *Id.* at 67. Victim stated he slept in Petitioner's room in the same bed as Petitioner during this time period. *Id.* at 69. Victim testified Petitioner engaged in sexual intercourse with him between 25 to 26 times from fall of 2003 to December 11, 2003. *Id.* at 71–72, 77. Victim eventually told his brother, cousin, and aunt about the abuse on December 12, 2003, and told his father about the abuse the next morning. *Id.* at 78–83.

Petitioner was indicted by the Greenville County grand jury during the September 2004 term of court for criminal sexual conduct ("CSC") with a minor second degree (2004-GS-23-6874). [ECF No. 30-1].  Petitioner was represented by Thomas Creech, Esq., and proceeded to a jury trial on November 7–9, 2005, before the Honorable D. Garrison Hill, Circuit Court Judge. [ECF No. 30-2 at 3 *et seq.*].  The jury found Petitioner guilty as charged [ECF No. 30-3 at 142], and Judge Hill sentenced Petitioner to 20 years *Id.* at 150.

Petitioner appealed his conviction and sentence to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Joseph L. Savitz, III, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 30-3 at 152–64]. Attorney Savitz filed a final brief on February 4, 2008, raising the following issues:

> 1.      The trial judge committed reversible error by refusing to exclude the testimony of the State's expert in child sexual abuse, where neither her existence as an expert nor the substance of her testimony regarding the general behavior of sexually-abused children was disclosed to the defense until she was called as a witness at Smith's

trial to help bolster the State's case, as this prosecutorial "strategy" violated Rule 5(a), SCRCrimP ("disclosure of evidence by the prosecution"), and denied Smith basic due process of law.

2.      The trial judge committed reversible error by refusing to direct a mistrial after the purported victim's father described Smith as "that pervert," as this testimony improperly placed Smith's character in issue in violation of Rule 404, SCRE.

*Id.* at 155.  On December 9, 2008, the Court of Appeals filed an unpublished decision affirming Petitioner's conviction. *Id.* at 183–85.

On January 26, 2009, the Court of Appeals denied Petitioner's request for rehearing. [ECF Nos. 30-7; 30-8]. On March 27, 2009, Attorney Savitz filed a petition for writ of certiorari, raising the following issues:

1.      The trial judge committed reversible error by refusing to exclude the testimony of the State's expert in child sexual abuse, where neither her existence as an expert nor the substance of her testimony regarding the general behavior of sexually-abused children was disclosed to the defense until she was called as a witness at Smith's trial to help bolster the State's case, as this prosecutorial "strategy" violated Rule 5(a), SCRCrimP ("disclosure of evidence by the prosecution"), and denied Smith basic due process of law.

2.      The trial judge committed reversible error by refusing to direct a mistrial after the purported victim's father described Smith as "that pervert," as this testimony improperly placed Smith's character in issue in violation of Rule 404, SCRE.

 [ECF No. 30-3 at 188]. On October 7, 2009, the South Carolina Supreme Court denied certiorari. *Id.* at 213.  The remittitur was issued on October 9, 2009. [ECF No. 30-9].

Petitioner filed an application for post-conviction relief ("PCR") on September 27, 2010, in which he alleged the following claims: violations of his constitutional rights, lack of jurisdiction, prosecutorial misconduct, and ineffective assistance of trial and

appellate counsel. [ECF No. 30-3 at 215–237]. On January 17, 2012, Petitioner filed an amended PCR application raising additional claims of ineffective assistance of appellate and trial counsel. *Id.* at 238–42. A PCR evidentiary hearing was held before the Honorable R. Markley Dennis, Circuit Court Judge, on October 31, 2012, at which Petitioner and his counsel, Caroline Horlbeck, Esq., appeared. [ECF Nos. 30-3 at 247–51; 30-4 at 3–28]. On December 5, 2012, Judge Dennis filed an order of dismissal. [ECF No. 30-4 at 40–48.

On December 26, 2012, Petitioner filed a timely notice of appeal from the denial of PCR. [ECF No. 30-10]. Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. [ECF No. 30-11]. On or about April 30, 2013, Attorney Pachak filed a petition for writ of certiorari in the South Carolina Supreme Court raising the following issue:

> Whether trial counsel was ineffective for failing to cross-examine the complaining witness about his motive to lie, in that petitioner's wife was blackmailing the minor because he was a homosexual?

[*Id.* at 3]. On August 6, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari. [ECF No. 30-13]. The remittitur was issued on August 22, 2014. [ECF No. 30-14].

Petitioner filed this federal petition for a writ of habeas corpus on August 27, 2014. [ECF No. 1-3 at 1].[1]

---

[1] The petition was received by the court on September 2, 2014, and docketed on September 3, 2014. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on August 27, 2014. [ECF

II.     Discussion

    A.     Federal Habeas Issues

Petitioner states the following four grounds in his habeas petition:

**Ground One:**    Ineffective assistance of trial counsel

    Supporting Facts: See APPELLATE CASE NO. 2012-213702 for PCR Application, (pages 464-486), Amendment to PCR Application, (pages 487-490), and the State's response, (pages 491-495) in the Appendix.

**Ground Two:**    Ineffective assistance of appellate counsel

    Supporting Facts: Appellate counsel failed to raise Court error in ruling on hearsay as excited utterance and admission of testimony that improperly bolstered the credibility of the accusing witness. The hearsay was 22-24 hours after res gestae and there is prima facie evidence to support this claim in the trial transcript. The trial was essentially a swearing contest and credibility was the central issue; in such a case as this, damage to pet.'s credibility cannot be harmless. There was no eyewitness testimony, no DNA evidence, and no physical or medical evidence to corroborate the allegations. The asst. solicitor acknowledged that credibility was the central issue in her summation to the jury.

**Ground Three:**    Ineffective Assistance of PCR counsel.

    Supporting Facts: PCR counsel's failure to go over the documents from pet.'s trial counsel's files that prove trial counsel's misstatements of the facts in his testimony, was prejudicial to the outcome of the hearing. The petitioner does not accuse his trial counsel of lying but asserts that counsel simply failed to correctly remember the facts as the trial was one week shy of five years from the PCR hearing and he probably has dealt with hundreds of cases since. PCR counsel failed to properly address all of the cognizable claims raised in the application and especially the amended claims. (See the appellate appendix.) (Appellate Case No. 2012-213702) Also failure to file the required 59(e) motion.

_____

No. 1-3 at 1].

**Ground Four:**      Ineffective asst. of PCR appellate counsel

Supporting Facts: PCR app. counsel failed to pursue all but one of the grounds raised in the denial of PCR order. Two issues were especially viable: Trial counsel failed to use the condom evidence to impeach my wife stating that he didn't want the image of a condom in the minds of the jurors yet he asked 9 questions about a condom with the accusing wit. and 5 questions to the expert medical wit. Clearly a moot strategy; and failure to ask for a ruling on the character assaults, where he stated he did not want to gut the issue on appeal with a curative instruction, yet he failed to even preserve the issue for appeal and the judge's silence on this was tantamount to a tacit approval of the improper remark in the minds of a reasonable juror.

[ECF No. 1 at 5–10].

      B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

6

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

7

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

8

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for

PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan.*" 559 S.E.2d at 854. As such,

matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), cert. denied, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because

13

it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102, quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

    D.    Analysis

        1.    Procedurally-Barred Grounds

Respondent argues Petitioner procedurally defaulted on all his claims in Ground One and Two, except Ground One claims viii and 1. [ECF No. 30 at 18]. The undersigned agrees. To the extent the claims in Ground One and Two were not raised in Petitioner's direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The sole issue raised in Petitioner's PCR appeal was "whether trial counsel was ineffective for failing to cross-examine the complaining witness about his motive to lie, in that petitioner's wife was blackmailing the minor because he was a homosexual." [ECF No. 30-11 at 3]. This ineffective assistance of counsel claim is addressed in Petitioner's Ground One claims viii and 1. Because Petitioner did not raise the remaining claims in Ground One and Two in his direct or PCR appeal, these claims are procedurally defaulted. Consequently, federal habeas review of these claims is barred absent a

showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

> 2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial, had a direct

15

appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues. . To the extent Petitioner argues his PCR counsel was ineffective [ECF No. 30 at 6–9, 41–43, 61–62, 67–76, 81–82],  this argument is insufficient to constitute cause for procedural default or undue prejudice from an alleged constitutional violation. Petitioner cannot "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez v. Ryan*, 132 S.Ct. 1309, 1318–20 (2012).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above. The jury determined Petitioner was guilty of CSC with a minor, second degree. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and

therefore, procedural bars apply as to all his claims in Ground One and Two, except Petitioner's claim of ineffective assistance of counsel related to his counsel's failure to cross-examine victim about his motive to lie.

        3.      Merits Review

        a)      Ground One claims viii and 1

In Ground One claims viii and 1, Petitioner argues his trial counsel was ineffective for failing to address victim's motives to lie. [ECF Nos. 1 at 5; 30-3 at 226, 238].

At the PCR hearing. Petitioner testified:

> I believe that my wife was blackmailing Minor to make these allegations against me. I don't believe that just one day he woke up and said, well, I'm going to try to put my uncle Randy in some horrible situation like this with these accusations. I think there was some motive for him to lie. It had to be something to coerce him.

[ECF No. 30-4 at 6–7]. When asked if he had any evidence of a motive, Petitioner stated:

> Well, one of the things that was excluded in the letters that was redacted was the fact that I wrote to my wife that Minor had confided in me that he was afraid his father was going to find out that he was gay. I had mentioned that in the letter. He was crying and this was about a week before I was arrested - - allegations I should say - - about a week before the allegations, he was crying one night totally inconsolable saying he was afraid that his father was going to find out that he was gay. Something had happened but he didn't tell me what it was.

*Id.* at 7.

Trial counsel testified that Petitioner did not share with him his opinion that his wife was blackmailing victim. *Id.* at 20. When asked if Petitioner shared with him an opinion as to whether victim had a motive to lie, counsel stated:

> The only thing that he said to me was that he thought the victim's dad, who is Mr. Smith's brother-in-law, did not like Mr. Smith and that also the dad

was very mean, mad, or always angry at the son or something and the dad had set all this up or that the dad had something about getting the child to lie.

*Id.* at 20–21.

The PCR court found this allegation to be without merit, as follows:

This Court finds the Applicant failed to meet his burden of proving trial counsel did not properly challenge the credibility of his wife and the victim. The Applicant stated his wife was motivated to lie because she believed he was having an affair and that the victim was motivated to lie because he was being blackmailed by the Applicant's wife for being homosexual. This Court finds the Applicant failed to produce any credible evidence or testimony to support his assertion that these two witnesses were motivated to testify falsely. Without evidence to support such an argument, it was not incumbent for trial counsel to have attempted to attack these witnesses' credibility on the stated grounds.

*Id.* at 45–46.

In his response, Petitioner argues the PCR court failed to apply an objective standard of reasonableness to his counsel's PCR testimony. [ECF No. 49 at 18]. Petitioner further argues the court failed to make a reasonable determination of the facts or apply clearly established United States Supreme Court law. *Id.* at 19. Petitioner claims his counsel failed "to provide probative cross-examination as to motives at trial." *Id.* at 18. Petitioner argues he was not required to prove his contentions regarding victim's motive to lie. *Id.* at 44. Petitioner states he was only required to inform his counsel of his beliefs in order for counsel to pursue that as a defense. *Id.* Petitioner alleges his counsel's failure to confront any possible motive for victim's fabrication set Petitioner up for an attack by the prosecution, during closing argument, regarding Petitioner's motives. *Id.* at 17–18. Petitioner alleges his motive to lie went unrebutted in

the prosecution's closing argument which he claims was an error by his trial counsel. *Id.* at 19. Petitioner argues this was the "single most damaging part of the trial." *Id.* Petitioner cites to the trial and PCR record in support of his arguments. *Id.* at 19–28, 43–45.

Petitioner cannot satisfy the *Strickland* test. He has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding trial counsel was not ineffective. Petitioner cannot show the PCR court unreasonably found Petitioner did not establish his counsel improperly challenged victim's credibility. Petitioner also failed to establish the PCR court unreasonably determined, given the evidence and record before it, that Petitioner did not produce credible evidence to show victim was motivated to give false testimony. Accordingly, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of these issues. Based on the foregoing, Petitioner is not entitled to federal habeas relief on Ground One claims viii and 1, and the undersigned recommends these grounds be dismissed.

b)   Ground Three and Four

In Ground Three and Four, Petitioner asserts claims for ineffective assistance of PCR counsel and PCR appellate counsel. [ECF No 1 at 8, 10]. However, alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions as a free-standing ground. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."). The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal

19

proceedings that actually led to the petitioner's conviction; what occurred in the Petitioner's collateral proceeding does not enter into the habeas calculations. 28 U.S.C. 2254(i); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (internal citations, quotation marks, and alteration omitted). Accordingly, the undersigned recommends that Petitioner's Ground Three and Four be denied and dismissed with prejudice.

IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 29] be granted and the petition be dismissed with prejudice. If the district court accepts this recommendation Petitioner's motion for injunctive relief [ECF No. 24] and motion for assistance with subpoena [ECF No. 25] would be moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 4, 2015                          Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).