# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Randall Smith, #312339, ) | |
| ) | Civil Action No.: 1:14-cv-03515-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| John Pate, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      Petitioner Randall ("Petitioner") filed this *pro se* and *in forma pauperis* Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of trial, appellate, and post-conviction relief ("PCR") counsel. (ECF No. 1.) Petitioner also filed a Motion for Injunctive Relief (ECF No. 24) and a Motion for Assistance with Subpoenas (ECF No. 25). Respondent John Pate ("Respondent") moved for Summary Judgment on Petitioner's claims (ECF No. 29), and filed a Return. (ECF No. 30.) Petitioner responded by filing a Response in Opposition. (ECF No. 49.)

      In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On December 4, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment (ECF No. 29), and deny the Petition. (ECF No. 1.) This review considers Plaintiff's Objections to the Report ("Objections") filed March 2, 2016.[1] (ECF No. 60.) For the reasons set forth herein, the court

---

[1] The court previously entered a Text Order giving Petitioner until February 26, 2016 to file objections (ECF No. 54). After not receiving objections by February 29, 2016, the court entered an Order accepting the Report, and dismissing the Petition. (ECF No. 57.) However, the court

**ACCEPTS** the Magistrate Judge's Report (ECF No. 50), **GRANTS** Respondent's Motion for Summary Judgement (ECF No. 29), and **DISMISSES** this Petition (ECF No. 1) with prejudice.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Petitioner's Objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

On September 21, 2004, Petitioner was charged by the Grand Jury in Greenville County for criminal sexual conduct ("CSC") with a minor, in the second degree. (ECF No. 30-1.) On November 7, 2005 Petitioner, represented by Attorney Thomas Creech ("trial counsel"), appeared in General Sessions Court of Greenville County for a jury trial.[2] (ECF No. 30-2.) On November 9, 2005, the jury found Petitioner guilty of criminal sexual conduct with a minor, in the second degree. (ECF No. 30-3 at 142.) The Honorable D. Garrison Hill, Circuit Court Judge, sentenced Petitioner to twenty years in prison. (*Id.* at 150.)

On November 16, 2005, Petitioner appealed his conviction and sentence to the South Carolina Court of Appeals ("Court of Appeals"). (ECF No. 30-6.) On appeal, Petitioner was represented by Attorney Joseph L. Savitz, III ("appellate counsel"). (ECF No. 30-3 at 152–162.) On December 9, 2008, the Court of Appeals, in an unpublished opinion, affirmed Petitioner's conviction. (*Id.* at 183–185.) On January 26, 2009, the Court of Appeals denied Petitioner's request for rehearing. (ECF Nos. 30-7; 30-8.) On October 7, 2009, the South Carolina Supreme

---

found in a later Text Order that Petitioner's objections had been received by the prison mailroom by February 26, 2016, thus making the objections timely. (ECF No. 61). The court vacated the February 29, 2016 Order (*id.*), and now undertakes a review of the Report in light of Petitioner's Objections. (ECF No. 60.)

[2] The trial ran from November 7 through November 9, 2005. (ECF No. 30-2 at 3.)

2

Court denied the petition for certiorari (ECF No. 30-3 at 213), and issued the remittitur on October 9, 2009. (ECF No. 30-9.)

Petitioner filed a PCR application on September 27, 2010. (ECF No. 30-3 at 215.) An evidentiary hearing on Petitioner's PCR application was convened in Greenville County on October 31, 2012, before the Honorable R. Markley Dennis ("PCR Judge"). (*Id*. at 247-51; ECF No. 30-4 at 3-28.) Attorney Caroline Horlbeck ("PCR counsel") represented Petitioner at the PCR evidentiary hearing. (ECF No. 30-3 at 247.) In an Order filed December 5, 2012, the PCR Judge denied Petitioner's PCR application and dismissed the case with prejudice. (ECF No. 30-4 at 48.) On December 26, 2012, PCR counsel filed a Notice of Appeal. (ECF No. 30-10.) In a petition dated April 30, 2013, Attorney Robert M. Pachak (PCR appellate counsel) submitted a writ of certiorari to the South Carolina Supreme Court on Petitioner's behalf. (ECF No. 30-11.) On August 6, 2014, the South Carolina Supreme Court denied the petition for certiorari without making specific findings on any of Petitioner's issues (ECF Nos. 1-2; 30-13), and issued the remittitur on August 22, 2014. (ECF No. 30-14.)

On September 3, 2014, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus. (ECF No. 1.) This court accepts that Petitioner has exhausted his state-court remedies prior to seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254.

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which

3

specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff filed this Petition *in forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of court fees by the prisoner litigant. 28 U.S.C. § 1915(a)(1). The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted.[3] § 1915(e)(2)(B)(ii).

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must weigh all evidence and draw all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the

---

[3] The statute also allows for a court to dismiss an *in forma pauperis* action for the following reasons: (1) the allegation of poverty is untrue; (2) the action or appeal is frivolous or malicious; and (3) the action or appeal seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(A)-(B).

summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2). Furthermore, while *pro se* documents may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### III.     DISCUSSION

Petitioner timely filed Objections to the Magistrate Judge's Report on March 2, 2016.[4] (ECF No. 60.) However, though Petitioner outlines his objections in great detail, reiterating his claims concerning trial counsel's ineffectiveness, very little new information is brought to this court's attention that was not sufficiently addressed by the Magistrate's Report.[5] In his

---

[4] Though Petitioner's Objections were due February 26, 2016, pursuant to this court's Text Order (ECF No. 61), a *pro se* prisoner's pleading is deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Thus, the Objections filed with this court are still considered timely.

[5] The four grounds listed in the Petition, and Report, are as follows: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of PCR counsel; and (4) ineffective assistance of PCR appellate counsel.

Objections, Petitioner mainly focuses on motivation—specifically Ground 1 and trial counsel's failure to establish that certain witnesses had "motiv[e] to testify falsely." (*Id*. at 3-16, 26.)

Petitioner argues that the Magistrate Judge Report erred by concluding Petitioner's IAC claims were without merit.[6] (ECF No. 60 at 3.) In support of his claims, Petitioner emphasizes how creditability was the critical issue in the case, and argues that because certain witnesses were not effectively cross-examined, the jury had no reason to doubt the witnesses' credibility. (*Id*. at 4–11, 14–15.) Petitioner asserts that trial counsel's failure to establish his accuser's motive as to why "his accuser [would] "fabricat[e] his story" was a denial of a "substantial right." (*Id*. at 14.)

Petitioner is correct when he states that a criminal defendant is not "required to prove either his innocence or [provide] his theory of defense." (*Id*. at 3; *see also id*. at 11–12, 17–18.) However, Petitioner is not being asked to prove his innocence at trial, but to prove his IAC claims against trial counsel. In order to assert IAC under *Strickland*, [Petitioner] must first prove that trial counsel's performance was deficient using a "reasonableness under prevailing professional norms" standard. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, trial counsel's deficient performance must have prejudiced [Petitioner] to such a degree that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. As the Report accurately noted, overcoming both *Strickland's* high bar and satisfying § 2254(d) is "never an easy task." *See Harrington v. Richter*, 562 U.S. 86, 88 (2011). Petitioner must satisfy both "highly deferential" standards. *Id*. at 105.

---

[6] Petitioner specifically objects to the failure of his trial counsel to adequately cross-examine the victim ("A.W."), Nancy Smith ("Nancy," Petitioner's ex-wife), and Steve Julian ("Steve," Petitioner's brother-in-law and A.W.'s father).

6

Here, not only does Petitioner argue that trial counsel failed to effectively cross-examine key witnesses A.W (the victim),[7] Nancy, and Steve, but Petitioner also asserts that the jury was entitled to hear his personal defense theory. (ECF No. 60 at 11.) Petitioner believes that his defense theories bolster his credibility and show that A.W, Nancy, and Steve had a motive to lie. However, the Magistrate Judge was correct in determining that the PCR court's holding was accurate.[8] Though Petitioner indicated in his letter to trial counsel[9] that his "wife lied in order to get them [police] to arrest me," nowhere in his letter does it state that Nancy (Petitioner's wife) was blackmailing A.W. (ECF No. 30-4 at 2.) Furthermore, though the letter makes it clear that Steve didn't like Petitioner,[10] no reference is made to Steve coercing A.W. into lying about Petitioner.

At the PCR evidentiary hearing, trial counsel confirmed that Petitioner had never shared his theory that Nancy was blackmailing A.W. (ECF No. 30-4 at 20.) Despite Petitioner arguing trial counsel's failure to present a defense theory cannot be considered strategic (ECF No. 60 at 13), trial counsel cannot present what he does not know. Besides Petitioner's own anecdotal statements, there is nothing in the record that shows Nancy was blackmailing A.W. (because of his alleged homosexuality), or seeking revenge against Petitioner. Trial counsel did admit that Petitioner had mentioned to him that A.W.'s dad "had something about getting the child to lie" [sic]. (*Id.* at 21.) However this statement, without any sort of corroboration in the record, does

---

[7] Initials are used to indicate the witness, in place of a full name, because A.W., the victim in this case, was a minor at the time of the crime and subsequent jury trial.

[8] The PCR court held that Petitioner failed to show his trial counsel improperly challenged the victim's (A.W.) credibility, and failed to show credible evidence that the victim, or other witnesses, were motivated to give false testimony. (ECF No. 30-4 at 44–48.)

[9] Petitioner sent a letter to trial counsel, date stamped June 24, 2005, almost four months before Petitioner's jury trial. (*See* ECF No. 30-4 at 34.)

[10] Petitioner wrote that his wife and her brother [Steve Julian] "have threatened to kill [Petitioner]," (ECF No. 40-4 at 35); that Steve was jealous of and resented Petitioner (*id.* at 39); and that Steve might have thought Petitioner was having an affair. (*Id.*)

7

not prove that trial counsel violated professional norms. Accusing Steve, the victim's father, on cross-examination of coercing his thirteen year old son into pretending he (the son) had repeatedly been molested by Petitioner, could just as easily prejudice Petitioner as provide a defense. Similarly, the court views trial counsel's assertion at the PCR hearing that trial counsel did not attack A.W. as homosexual, especially with no evidence, because it would not assist the defense (*id*.), as a valid trial strategy. *See Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel)).

Petitioner also stresses how cross examination is "essential" and a "fundamental requirement." (ECF No. 60 at 13.) However, trial counsel cross-examined all the witnesses that Petitioner accuses of falsely testifying. There is no evidence that trial counsel was unprepared when he was engaging in these cross-examinations. Trial counsel's performance does not fall under *Strickland*. Petitioner has failed to overcome the presumption of trial counsel's effectiveness. The Magistrate Judge's conclusion that trial counsel acted within professional norms, and was not prejudicial, is reasonable.

Additionally, Petitioner also asserts that the trial judge was "derelict in his duty" by allowing the prosecutor to "overemphasiz[e] the 'no corroboration' law"[11] (ECF No. 60 at 19) and remaining silent while the [prosecutor] told the jury "they did not need any other evidence to corroborate." (*Id*. at 19, 20.) However, judicial and prosecutorial misconduct were not grounds Petitioner raised in his Petition, and the court finds it unnecessary to address such charges.[12]

---

[11] The court assumes Petitioner is referring to one of South Carolina "Rape Shield Laws." S.C. Code Ann. § 16-3-657 (2016) states that "[t]he testimony of the victim need not be corroborated in prosecutions under Sections 16-3-652 through 16-3-658."

[12] Though the court does not need to address charges of judicial misconduct, the court notes that while Petitioner may be under the impression that an accused cannot be convicted of a crime

The court finds trial counsel employed valid trial strategy in cross-examining witnesses. Counsel's attempts to cast doubt upon the witnesses' credibility were reasonable and do not amount to IAC. Moreover, the record reflects trial counsel clearly informed the jury that there was no physical evidence in the case.[13]

Therefore, the court accepts the Magistrate Judge's recommendation that Petitioner is not entitled to habeas relief under Ground 1,[14] and concludes that Respondent's motion for summary judgement should be granted. (ECF No. 29.)

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report (ECF No. 50) of the Magistrate Judge, incorporating it by reference. It is hereby **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 29) is **GRANTED**, Petitioner's Motions for Injunctive Relief (ECF No. 24) and Assistance with Subpoenas (ECF No. 25) are found to be moot, and Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

---

solely on the testimony of the alleged victim, S.C. Code Ann. § 16-3-657 clearly states otherwise. S*ee also Day v. Warden, Lieber Corr. Inst.*, No. 5:14-4318-BHH, 2016 WL 865285, (D.S.C. Mar. 7, 2016), (adopting the Report and Recommendation which cited to S.C. Code Ann. § 16-3-657 in declaring a victim's testimony need not be corroborated). Though the South Carolina Supreme Court held in *State v. Stukes* that a jury charge on S.C. Code Ann. § 16-3-657 was unconstitutional, *see* 416 S.C. 493, 787 S.E.2d 480 (2016), the court is charged with examining Respondent's actions through the federal lens of § 2254. The court "shall entertain an application" of habeas corpus if the applicant is in custody in "violation of the Constitution or law or treaties of the United States. *See* § 2254(a). *Stukes* abrogates South Carolina state law, and does not run contrary to clearly established federal law. *See* § 2254(d)(1).

[13] In his closing argument, trial counsel emphasized how there was "no evidence aside from this [trial] testimony" that Petitioner had committed the crime. (ECF No. 30-3 at 101.)

[14] The court accepts Report's recommendation that Grounds 3 and 4 be denied and dismissed with prejudice pursuant to § 2254(i). The court also accepts the Report's dismissal of Ground 2.

9

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 3, 2017
Columbia, South Carolina