# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Randall Smith, #312339, | ) |
| | ) Civil Action No. 1:14-cv-03515-JMC |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| John Pate, *Warden* | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This matter is before the court on Petitioner Randall Smith's ("Petitioner") Motion to Alter or Amend Judgment ("Motion") pursuant to Federal Rules of Civil Procedure ("FRCP") 59(e), filed on March 8, 2017. (ECF No. 70.) First, Petitioner requests that the court vacate its order (ECF No. 67) and amend its opinion to dismiss Respondent's Motion for Summary Judgment and grant his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 70 at 1.) In his Petition, Petitioner claims ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) ineffective assistance of Post-Conviction Relief ("PCR") counsel. Petitioner requests that the court should grant him an evidentiary hearing, a certificate of appealabilty, or leave to file a State Habeas Corpus petition in order to raise issues that were not raised or adequately addressed in his PCR application. Petitioner further requests that if the State court should find grounds for relief because of failure of the State to adequately address the issues raised in his PCR application, the State court may reconsider the issues. *Id.*

On March 22, 2017, Respondent filed a response to Petitioner's Motion stating that Petitioner is attempting "to relitigate old matters, or to raise arguments or present evidence that

could have been raised prior to the entry of judgment." (ECF No. 71 at 2.) For the reasons set forth herein, the court **DENIES** Petitioner's Motion (ECF No. 70).

## I. RELEVANT FACTUAL BACKGROUND

Petitioner's Petition was filed with the court on September 3, 2014. (ECF No. 1.) Following service of process on Respondent John Pate ("Respondent"), Respondent filed his Motion for Summary Judgment on June 16, 2015 (ECF No. 29), and Petitioner filed a Response in Opposition to the Motion for Summary Judgment on November 20, 2015. (ECF No. 49.)

After receiving the motions of both parties, a Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and dismiss Petitioner's Petition with prejudice. (ECF No. 50.) On March 2, 2016, Petitioner filed a response to the Report ("hereinafter identified as "Objections"). (ECF No. 60.) Upon review, the court found no merit in Petitioner's Objections because he failed to present any evidence or argument in support of his Petition, or bring to the court's attention matters that were not sufficiently addressed by the Report. (ECF No. 67.) Therefore, the court adopted the Report, granted Respondent's Motion for Summary Judgment, and dismissed Petitioner's Petition. *Id*. The court's order was mailed to Petitioner on February 3, 2017 (ECF No. 69), and Petitioner filed this Motion on March 8, 2017. (ECF No. 70).

## II. LEGAL STANDARD AND ANALYSIS

**A. Rule 59(e)**

Rule 59(e) provides civil litigants the opportunity to petition the court to alter or amend a judgment within twenty-eight (28) days after judgment is entered. Fed. R. Civ. P. 59(e). Rule 59(e) serves "'to allow the court to reevaluate the basis for its decision.'" *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting *Keyes v. National R.R. Passenger Corp.,* 766 F. Supp. 277,

280 (E.D. Pa.1991)). "[A] court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)); *see Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005); *United States v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). When a movant asserts that the court has made a clear error of law the movant must point to an actual error in the court's analysis, not just a point of disagreement. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("mere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works, L.L.C.*, 2007 WL 2021901 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.").

In the Motion, Petitioner concedes that he raised matters of prosecutorial misconduct, witness bias or motive, ineffective assistance of counsel, due process clause and speedy trial violations in his PCR application, which was denied by a State court. (ECF Nos. 70 at 2, 3 and 7.) Petitioner contends that his criminal trial transcript reveals that his trial counsel failed to question a witness about his motive or bias, alleging that the witness' testimony was coerced or fabricated. (ECF No. 70 at 6.) As such, Petitioner argues that this purported newly discovered evidence was not discoverable until after the judgment was entered in this case. Because the evidence was available before the decision was rendered on Petitioner's PCR applications, the court finds that it is not newly discovered for purposes of a post-judgment motion.

To the extent Petitioner makes other arguments in his Motion which this court has not specifically addressed, the court finds that they likewise fail to demonstrate a basis for relief under FRCP Rule 59(e). The court therefore **DENIES** Petitioner's Motion.

### III. CONCLUSION

Based on the aforementioned reasons, Petitioner's Motion pursuant to FRCP Rule 59(e). (ECF No. 70) is **DENIED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 12, 2017
Columbia, South Carolina